IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickey Antonio Holmes, ) | C/A No.: 1:20-2257-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND NOTICE |
| ) | |
| Kirkland Reception and ) | |
| Evaluation Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Rickey Antonio Holmes ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Kirkland Reception and Evaluation Center ("KREC") while in the custody of the South Carolina Department of Corrections. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff's letter to the court was docketed as a complaint. He complains about the conditions of confinement he has experienced during his incarceration at KREC. [ECF No. 1]. He does not list any defendants, but the Clerk's office has construed the complaint as naming KREC as the sole defendant.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless,

the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names KREC, which is a facility used primarily to house inmates. Because KREC is not a person amenable to suit under § 1983, the undersigned recommends it be summarily dismissed.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **July 7, 2020**, along with any appropriate service

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

June 16, 2020                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**Plaintiff's attention is directed to the important WARNING on the following page.**

4

IMPORTANT INFORMATION: PLEASE READ CAREFULLY

WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

(a) **Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
(b) **Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
(c) **Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
(d) **Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).